UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAIQUAN ALLAH,

                              Plaintiff,

-against-                                                         9:23-CV-785 (LEK/ML)

RYAN LAWSON, *et al.*,

                              Defendants.

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

After bringing this pro se action pursuant to 42 U.S.C. § 1983 against staff members at the Albany County Correctional Facility, Plaintiff Jaiquan Allah filed an amended complaint asserting violations of his constitutional rights. Dkt. No. 34 ("Amended Complaint"). Defendants filed a combined motion to dismiss and motion for judgment on the pleadings, arguing for dismissal of Plaintiff's claims. Dkt. No. 49 ("Motion"). On February 18, 2025, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that the Motion be granted in part and denied in part. Dkt. No. 66 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.    BACKGROUND

The Court assumes familiarity with the background detailed in the Report and Recommendation. *See generally* R. & R.

Judge Lovric assessed Plaintiff's claims in turn. First, he recommended denying the Motion with respect to Plaintiff's First Amendment retaliation claim against Defendant Torrisi. *Id.* at 14. Judge Lovric noted that "it is undisputed that Plaintiff engaged in constitutionally protected speech by the filing of a grievance and/or lawsuit." *Id.* at 15. Further, he found merit to Plaintiff's argument that a false misbehavior report allegedly issued in retaliation for exercising a constitutionally protected right is an adverse action. *Id.* at 16. Judge Lovric also found that Plaintiff adequately alleged a causal connection between his protected speech and the adverse action, because the adverse action "followed closely in time to Plaintiff's protected speech" and Defendant Torrisi allegedly told Plaintiff, "you wanna play games, I can play too." *Id.* at 17.

Second, Judge Lovric recommended denying the Motion with respect to Plaintiff's First Amendment retaliation claim against Defendants Molesky, Lawson, and Spadinger. *Id.* at 18. Judge Lovric explained that Plaintiff engaged in protected speech by filing a grievance, *id.*, that a false misbehavior report allegedly issued in retaliation for exercising a constitutionally protected right is an adverse action, *id.*, and "the temporal proximity between Plaintiff's protected speech . . . and the [adverse action] is enough to plausibly suggest a causal connection." *Id.* at 19. Judge Lovric found the causation element further supported by Defendant Molesky allegedly telling Plaintiff not to "start a war you can't finish." *Id.*

Third, Judge Lovric recommended denying the Motion with respect to Plaintiff's First Amendment retaliation claim against Defendant Lawson based on Plaintiff's placement in the suicide watch cell. *Id.* Judge Lovric noted that Plaintiff filed a grievance and was "placed in the suicide watch cell [in the SHU] by Defendant Lawson two days after." *Id.* at 20. "[T]he temporal proximity between Plaintiff's protected speech and the alleged adverse action are enough at this procedural posture to sufficiently infer a causal connection." *Id.* Judge Lovric noted that the

causal connection is further supported by Plaintiff's allegation that "after placing Plaintiff in the suicide watch cell, Defendant Lawson said 'you're in my custody now, black monkey. You play by my rules. If you write another grievance, I'll make sure you'll stay here forever.'" *Id.* (cleaned up).

Fourth, Judge Lovric recommended granting the Motion with respect to Plaintiff's First Amendment retaliation claim against Defendants Aragona and Pleat based on property destruction. *Id.* at 21. Judge Lovric explains that "Plaintiff fails to allege the personal involvement of Defendants Aragona and Pleat in the alleged destruction of his property." *Id.*

Fifth, Judge Lovric recommended denying the Motion with respect to Plaintiff's First Amendment retaliation claim against Defendants Stratta and Pleat based on their use of force on May 20, 2023. *Id.* Plaintiff engaged in protected speech by filing grievances and a notice of claim, *id.* at 21–22, and he suffered an adverse action in the use of force by Defendants Stratta and Pleat. A causal connection was established because during the alleged incident, Defendant Stratta allegedly stated, "we seen the little grievance you wrote and your notice of claim." *Id.* at 22.

Sixth, Judge Lovric recommended denying the Motion with respect to Plaintiff's Fourth Amendment unlawful strip search claim. *Id.* Applying the test laid out in *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016), Judge Lovric first found that Plaintiff had an "actual, subjective expectation of bodily privacy." *Id.* at 25. Then, Judge Lovric explained that the prison officials plausibly did not have sufficient justification to intrude on Plaintiff's Fourth Amendment rights, considering the scope of the intrusion, the manner in which the search was conducted, the justification for initiating the search, and the place in which the search was conducted. *Id.* at 26–28.

Seventh, Judge Lovric recommended granting the Motion with respect to Plaintiff's Fourteenth Amendment conditions-of-confinement claim against Defendant Lawson relating to the events of March 23, 2023. *Id.* at 28. Judge Lovric found Plaintiff's allegation that he was placed in a cell with the window "wide open," "freezing [] for hours," was conclusory, as it "fail[ed] to allege the temperature of the room, what (if any) clothing or bedding Plaintiff had access to, or a more specific length of time that Plaintiff was exposed to the cold." *Id.* at 29. Such "conclusory allegations . . . are insufficient to plausibly suggest a conditions-of-confinement claim." *Id.*

Eighth, Judge Lovric recommended denying the Motion with respect to Plaintiff's Fourteenth Amendment conditions-of-confinement claim against Defendants Lawson and Aragona relating to the events of May 20, 2023. *Id.* at 30. Judge Lovric found that Plaintiff sufficiently stated a claim for relief by asserting he was deprived of access to a bathroom for several hours, which resulted in Plaintiff urinating on himself several times, "spitting blood," and exposure to unsanitary conditions. *Id.* at 31.

Ninth, Judge Lovric recommended denying the Motion with respect to Plaintiff's Fourteenth Amendment excessive force claim against Defendants Stratta, Pleat, Bonnaci, Lacoosi, Lawson, Spadinger, and Cohen relating to the events of May 20, 2023. *Id.* at 32. Plaintiff alleges that the Defendants "jumped on" him, and "physically assaulted [him] by kicking and punching him." Am. Compl. at 11. Judge Lovric found that "Plaintiff's allegations are enough at this juncture for this claim to proceed." R. & R. at 32.

Tenth, Judge Lovric recommended denying the Motion with respect to Plaintiff's Fourteenth Amendment failure-to-intervene claim against Defendant Grimmick, but granting the Motion with respect to Plaintiff's Fourteenth Amendment failure-to-intervene claim against

Defendant Aragona. *Id.* at 32. Judge Lovric noted that before Plaintiff was allegedly attacked in the male booking strip room, Defendant Grimmick allegedly told Plaintiff that he "draw[s] a lot of heat to [him]self," and that he "need[s] to try to fallback because at the end of the day we always win." *Id.* at 33. After he was allegedly attacked, Defendant Grimmick told Plaintiff not to "start a war you can't finish." *Id.* at 34. According to Judge Lovric, "[T]he comments made by Defendant Grimmick immediately preceding and following the incident in the male booking strip room . . . plausibly suggest Defendant Grimmick was aware that Defendants Stratta, Pleat, and Bonnaci intended to 'brutalize' Plaintiff," rendering it "reasonable to infer, at this juncture, that Defendant Grimmick had reason to know that a physical altercation involving Plaintiff was about to occur, had an opportunity to stop it, and failed to do so." *Id.*

As for Defendant Aragona, Judge Lovric observed that Plaintiff's Amended Complaint "does not allege that Defendant Aragona was present" until "after the conclusion of the alleged force incident." *Id.* Therefore, Judge Lovric concluded that there were no allegations "plausibly suggesting that Defendant Aragona had reason to know Plaintiff was involved in a physical altercation and had a fair opportunity to stop it." *Id.*

Eleventh, Judge Lovric recommended denying the Motion with respect to Plaintiff's Fourteenth Amendment disciplinary due process claim against Defendant Cavanaugh. *Id.* Judge Lovric first explained that Plaintiff's placement in the SHU constituted an atypical, significant deprivation which might implicate a liberty interest. *Id.* at 35. He then found that Plaintiff was not provided due process of law during the disciplinary hearing that led to his SHU placement, as "[t]his disciplinary determination . . . required written notice, adequate time to prepare a defense, a written statement of the reasons for action taken, and a limited ability to present witnesses and evidence." *Id.*

Twelfth, Judge Lovric recommended denying the Motion with respect to Plaintiff's Fourteenth Amendment equal protection claim against Defendant Lawson relating to the events of May 20, 2023, and granting the Motion with respect to Plaintiff's Fourteenth Amendment equal protection claim against Defendant Lawson relating to his placement in the suicide watch cell. *Id.* at 36. Judge Lovric concluded that Defendant Lawson's alleged use of racial epithets and verbal harassment, combined with Plaintiff's allegation that he "sustained a chipped tooth and bruising on the right side of his eye," was sufficient to state a claim in regard to the events of May 20, 2023. *Id.* However, Judge Lovric found that "Plaintiff failed to allege any physical injury related to his placement in the suicide watch cell," so any equal protection claim with respect to this event fails. *Id.*

In sum, Judge Lovric recommended that the Motion be granted in part and denied in part. *Id.* at 37–39.

## III.   LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 66, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the combined motion to dismiss and motion for judgment on the pleadings, Dkt. No. 49, is **GRANTED in part and DENIED in part**; and it is further

**ORDERED**, that the following claims are **DISMISSED**: (1) Plaintiff's First Amendment retaliation claim against Defendants Aragona and Pleat based on property destruction; (2) Plaintiff's Fourteenth Amendment conditions-of-confinement claim against Defendant Lawson relating to the events of March 23, 2023; (3) Plaintiff's Fourteenth Amendment failure-to-intervene claim against Defendant Aragona; and (4) Plaintiff's Fourteenth Amendment equal protection claim against Defendant Lawson relating to Plaintiff's placement in the suicide watch cell.

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 14, 2025
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge